ALCOHOLIC BEVERAGE STATUTES CONSTRUED — RECTIFIER (1) The Oklahoma Alcoholic Beverage Act authorizes the issuance of a rectifier's license to a corporation. (2) The holder of a rectifier's license is not authorized to sell spirits and wines which he has not rectified unless he purchases same from a licensed manufacturer in this state. (3) Title 37 O.S. 524 [37-524](d) (1961), does not prohibit the holder of a rectifier's license from purchasing alcoholic beverages from nonresidents who do not hold an Oklahoma nonresident seller's license. (4) A person who owns the exclusive right to sell in Oklahoma products bearing a certain brand or trade name label owns the labels for the purpose of registering them under the provisions of 37 O.S. 573 [37-573] (1969). The Attorney General has had under consideration your request for an interpretation and construction of certain constitutional and statutory provisions relating to the control of alcoholic beverages. You specifically ask, in effect, the following questions: 1. May a rectifier's license be issued to a corporation? 2. Is the holder of a rectifier's license authorized to sell spirits and wines which he has not "rectified?" 3. Is the holder of a rectifier's license authorized to import into this state spirits and wines as finished products for the purpose of resale? 4. If the answers to questions two and three are yes, may a holder of a rectifier's license exercise those powers even though he exercises none of the other powers given to a holder of a rectifier's license? 5. Does 37 O.S. 524 [37-524](d) (1961), prohibit a holder of a rectifier's license from purchasing from any nonresident who is not licensed in this state as a non-resident seller? 6. If a holder of a rectifier's license has purchased the exclusive right to sell a certain brand or trade name label in the State of Oklahoma, is he authorized to register such brand or trade name or trade name label as required by 37 O.S. 573 [37-573] (1969)? In answering your questions we note at the outset that in adopting Article XXVII as an amendment to the Oklahoma Constitution in 1959 the people of the state repealed previous constitutional provisions in force since statehood that strictly prohibited the "manufacture, sale, barter, giving away, or otherwise furnishing" of intoxicating liquors. We particularly note that Section 3 of said Article XXVII provides that: "The Legislature shall enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverage, consistent with the provisions of this Amendment. . . ." (Emphasis added) Pursuant to the above constitutional authority the Legislature has enacted the Oklahoma Alcoholic Beverage Control Act, which with its presently effective amendments is now codified in Title 37 of Oklahoma Statutes 1961 and Oklahoma Statutes Supplement 1969. We note that 37 O.S. 505 [37-505] (1961), provides: "No person shall manufacture, rectify, sell, possess, store, import into or export from this State, transport, or deliver any alcoholic beverage except as specifically provided in this Act. ." It is apparent from the foregoing constitutional and statutory provisions that the people of the state and the Legislature clearly intend that control of alcoholic beverages shall be strict and that no trade in such beverages is to be conducted unless specifically authorized. It is with this intention of strict control in mind that we proceed to answer your questions. In implementing Article XXVII of the Constitution the Legislature has provided (in 37 O.S. 518 [37-518] (1961)) for some seventeen (17) categories of licenses or permits. Only two (2) categories of licenses, however, are specifically mentioned in Article XXVII, Section 10 thereof providing: "No retail or wholesale distributor's license shall be issued to; "(a) a corporation. . . ." Title 37 O.S. 526 [37-526] (1961), provides in part: "No wholesaler's, Class B wholesaler's, or package store license shall be issued to a corporation. . . ." The constitutional provision and the statute alike prohibit the licensing of a corporation to act as a retail or wholesale distributor of alcoholic beverages. They do not expressly prohibit the issuance of a rectifier's license to a corporation, and we have found no other provision of law in the Oklahoma Alcoholic Beverage Control Act or elsewhere that would prohibit the issuance of a rectifier's license to a corporation. We are in fact persuaded by the express prohibition of corporations from licensing as retail or wholesale distributors, that was the intent of the pertinent statutes and constitutional provisions to permit the licensing of corporations as rectifiers. We therefore conclude that a rectifier's license may be issued to a corporation and your first question is answered in the affirmative. Title 37 O.S. 521 [37-521](d) (1961), provides: "(d) A rectifier's license shall authorize the holder thereof: to rectify spirits and wines, bottle, package, and store same on the licensed premises; to sell spirits and wines in the State to licensed wholesalers and manufacturers only; to sell spirits and wines out of this State to qualified persons; to purchase from licensed manufacturers in this State; and to import into this State for manufacturing purposes spirits and wines in accordance with federal laws and regulations." (Emphasis added) The emphasized portion of this statute clearly and obviously authorizes the holder of a rectifier's license to sell (to licensed wholesalers and manufacturers in the state only) spirits and wines. While this particular provision does not limit such spirits and wines to be sold to those rectified by the license holder, we do not deem this conclusion to be fully dispositive of your second question for it is equally clear and obvious that Section 521(d) also controls the manner in which the holder of a rectifier's license must obtain such spirits and wines that are to be sold. The only authority for the holder of a rectifier's license to obtain spirits and wines other than those to be used for "manufacturing purposes" is "from licensed manufacturers in this State." "Manufacturer" is defined in 37 O.S. 506 [37-506](15) (1961), as a "brewer, distiller, winemaker, rectifier, or bottler of any alcoholic beverage." It follows that the holder of a rectifier's license may obtain spirits and wines from a distiller, a winemaker, or another rectifier in this state and then resell same without himself further manufacturing (i.e., rectifying or bottling per authority of his own license) same. Any other obtaining of spirits and wines must be via his own manufacturing or via importing for manufacturing purposes. The foregoing considered, we answer your second question in the negative. That is, the holder of a rectifier's license is not authorized to sell spirits and wines which he has not rectified unless he purchases same from a licensed manufacturer in this state. The foregoing is also dispositive of your third question. That is, a holder of a rectifier's license is not authorized to import into this state spirits and wines as finished products for the purpose of resale. By answering question three in the negative, the answering of your question four is obviated. In regard to your question five, 37 O.S. 524 [37-524](d) (1961), provides: "No licensee in this State authorized to import alcoholic beverages shall purchase or receive any alcoholic beverages from without this State from any person not holding a valid and existing non-resident seller's license. " (Emphasis added) Title 37 O.S. 506 [37-506](11) (1961), provides in part: "Licensee' means any person holding a license under this Act. ." Title 25 O.S. 2 [25-2] (1961), provides: "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention clearly appears." (Emphasis added). Therefore, unless a contrary intention clearly appears in the Oklahoma Alcoholic Beverage Control Act, a rectifier must be considered as a licensee as that term is used in Section 37 O.S. 524 [37-524](d). If such a contrary intent does not appear in the Act, a rectifier can not purchase alcoholic beverages from without this State from persons not holding a valid and existing non-resident seller's license. Title 37 O.S. 524 [37-524](a) (1961), provides in part: "A non-resident seller's license shall be required of all out-of-state distillers . . . and others who sell alcoholic beverages to wholesalers and Class B wholesalers in Oklahoma . . . ." (Emphasis added) Title 37 O.S. 525 [37-525] (1961), provides in part: "A manufacturers agent's license shall authorize the holder thereof to represent only the holders of a non-resident seller's license . . . . It shall be unlawful for any person other than the holder of a manufacturers agent's license or an agent's license to solicit or take orders in the State from a wholesaler or Class B wholesaler. " (Emphasis added) Title 37 O.S. 521 [37-521](d), provides in part: "A wholesaler's license shall authorize the holder thereof: to purchase and import into this State spirits and wines from persons authorized to sell same who are the holders of a non-resident seller's license. . . ." (Emphasis added) Title 37 O.S. 1961 521 [37-521](a), provides in part: "A distiller's license shall authorize the holder thereof . . . to . . import spirits from without this State for manufacturing purposes in accordance with federal laws and regulations." Sections 37 O.S. 524 [37-524](a) and 37 O.S. 525 [37-525] indicate that a non-resident seller's license is required of non-resident distillers and other non-residents who sell to Oklahoma wholesalers. Section 37 O.S. 521 [37-521](d) indicates that wholesalers can only purchase from those non-residents who hold non- resident seller's licenses. Sections 521(a) and (d) do not provide that rectifiers and distillers can only purchase and import into this State spirits and wines from persons who are holders of a non-resident seller's license. Therefore, it appears that the legislature intended to require a non-resident who sells to Oklahoma wholesalers to obtain a non-resident seller's license, and to limit the out-of-state purchases of Oklahoma wholesalers to purchases from persons holding a non-resident seller's license. It does not appear that the legislature intended to limit the out-of-state purchases of persons holding Oklahoma rectifier's and distiller's licenses to purchases from persons holding a non-resident seller's license. Therefore, when the legislature used the word "licensee" in 37 O.S. 524 [37-524](d) (1961), they did not intend to include rectifiers and distillers within the definition of that word. For this reason the Attorney General answers your fifth question in the negative. That is, Section 524(d) does not prohibit the holder of a rectifier's license from purchasing spirits and wines from a non-resident who is not licensed in this State as a non-resident seller for manufacturing purposes. Subsections (a) and (b) of 37 O.S. 573 [37-573] (1969), provide: "a No liquor, wine or beer shall be labeled, offered or advertised for sale unless in accordance with such regulations and unless the brand or trade name label shall have been registered with and approved by the Oklahoma Alcoholic Beverage Control Board and the appropriate fee paid as provided for in this section. "b An application for registration of a brand or trade name label shall be filed by the owner of the brand or trade name if such owner is licensed by the Oklahoma Alcoholic Beverage Control Board, however, if the owner is not licensed but is represented by a licensed non-resident seller, the non-resident seller licensee shall submit each label for each product he offers for sale in this State. Cordials and wines which differ only as to age or vintage year, as defined by such regulations, shall be considered the same brand; and those that differ as to type or class may be considered the same brand by the Oklahoma Alcoholic Beverage Control Board where consistent with the purposes of this section." In Scandinavia Belting Co. v. Asbestos and Rubber Works of America, 257 F. 937, 169 C.C.A. 87, (2nd Circ. 1969), cert. den. 39 S.Ct. 494, 250 U.S. 644,63 L.Ed. 1186, a question arose as to the meaning of the word "owner" as used in a statute which allowed trademarks to be registered. There, at 257 F. 954, that court said: "The word 'owner' varies in its significance according to context and subject matter and when found in statutes is given the widest variety of construction. . . ." That Court went on to say at page 955: ". . . in this case now before us this court holds that one who has the exclusive right to use a trademark in the United States has such a special ownership therein as entitles him to its registration during the period of exclusive use . . . ." It is the opinion of the Attorney General that one who owns the exclusive right to sell to Oklahoma wholesalers products bearing certain labels owns the labels for the purpose of registering them under the provisions of 37 O.S. 573 [37-573] (1969). Therefore, your sixth question is answered in the affirmative. (John C. Howard)